UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOANN T MAYNARD                         CIVIL ACTION NO. 21-cv-4174

VERSUS                                  CHIEF JUDGE HICKS

PREMIERE ENTERTAINMENT                  MAGISTRATE JUDGE HORNSBY
SHREVEPORT, LLC

**MEMORANDUM ORDER**

Joann Maynard ("Plaintiff") filed this civil action based on an assertion of diversity jurisdiction, which puts the burden on her to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. Plaintiff sufficiently alleges that the amount in controversy element is satisfied. To ensure that she has met her burden, Plaintiff must file an amended complaint that sets forth specific information regarding the citizenship of the parties. A motion for leave to amend will be required if Plaintiff does not act within the time permitted by Fed. R. Civ. Pro. 15(a).

Plaintiff alleges that she is "a person of the full age of majority residing in the State of Texas." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S.

Ct. 941, 951 (2006).  That is the state in which the person is domiciled.  Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003).  Plaintiff's amended complaint must alleges the state in which she is domiciled and, thus, a citizen for diversity purposes.

The complaint states that defendant Premiere Entertainment Shreveport, LLC is "a foreign limited liability company."  The citizenship of an LLC is determined by the citizenship of all of its members.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).  "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).  If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.  Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Plaintiff's amended complaint must specifically identify the members of Premiere Entertainment and allege the citizenship of each member.  The court recognizes that Plaintiff may not have access to that information at this stage of the case, so Premiere is directed to promptly provide Plaintiff's counsel with its membership information once it has been served with this action.

The court will not yet set a deadline for Plaintiff to file the amended complaint, but the court will not hold a scheduling conference or take other action in the case until Plaintiff

satisfies her burden of showing that jurisdiction exists. Plaintiff is warned that prescription is interrupted on a Louisiana tort claim by filing suit only if the court in which suit is filed is one of competent jurisdiction and venue. La. Civ. Code art. 3462. If this court must dismiss this civil action for lack of jurisdiction (which will be the case if Premiere shares Plaintiff's citizenship), prescription may not have been interrupted by the filing of the complaint. Tally v. Lovette, 332 So.2d 924 (La. App. 3rd Cir. 1976).

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of December, 2021.

Mark L. Hornsby
U.S. Magistrate Judge