UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOANN T MAYNARD                                    CIVIL ACTION NO. 21-cv-4174

VERSUS                                             CHIEF JUDGE HICKS

PREMIERE ENTERTAINMENT                             MAGISTRATE JUDGE HORNSBY
SHREVEPORT L L C

**MEMORANDUM ORDER**

Joann Maynard ("Plaintiff") filed this civil action based on an assertion of diversity jurisdiction, which put the burden on her to set forth facts that demonstrate complete diversity of citizenship of the parties.  The defendant in this case is an LLC.  The court issued an order (Doc. 6) that explained the rules for alleging the citizenship of an LLC, which is determined by the citizenship of all of its members.  If members are themselves LLCs, corporations, or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members there may be.

The order recognized that Plaintiff may not have access to the information needed to specifically allege the citizenship of defendant Premiere Entertainment Shreveport, LLC, so the court directed Premiere to promptly provide Plaintiff's counsel with its membership information once it was served.  Plaintiff did not wait for Premiere.  Instead, she filed an amended complaint that attempted to set forth the citizenship of Premiere based on information available on the secretary of state's website.

The court issued another order (Doc. 11) and explained that the secretary of state's records do not always reliably set forth the membership of an LLC on the date suit was filed, which is the only relevant date for purposes of diversity in this case.  In an attempt to put this issue to rest, the court ordered counsel for Premiere to include in its corporate disclosure statement specific information about the members of Premiere on the day the suit was filed.

Premiere filed its corporate disclosure statement (Doc. 17), but the statement does not include the ordered information.  Premiere stated that it is a "wholly owned subsidiary" of Premiere Entertainment Louisiana I, LLC, which is in turn wholly owned by Bally's Corporation.  The disclosure statement was perhaps intended to suggest that Premiere I is the sole member of defendant Premiere, but that is not clear. There are other means, such as intervening entities, by which one company may "wholly own" another without being an actual member.  Ascentium Cap., LLC v. Digital Sign Sols., LLC, 2021 WL 864771 (W.D. La. 2021).  Thus, this preliminary aspect of defendant Premier's citizenship remains uncertain.

The record must include a clear and express representation of the identity of each member(s) of defendant Premiere.  If Premiere I is the sole member of defendant Premiere, then each member of Premiere I must be identified.  If Bally's Corporation is a member of Premiere I, the record must also contain a clear statement of (1) the state in which Bally's is incorporated and (2) the state in which Bally's has its principal place of business within the meaning of Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).  28 U.S.C. 1332(c)(1).  If there are other members of defendant Premiere or Premiere I (assuming it is a member of

defendant Premier), their citizenship must be alleged with specificity in accordance with the applicable rules.

Plaintiff bears the burden of setting forth facts that show complete diversity of citizenship, but only Premiere possesses the facts that would clarify its citizenship as of the day this suit was filed on December 6, 2021. Accordingly, **Premiere is directed** to file a response to this order by **February 24, 2022** that sets forth its citizenship in detail in accordance with the rules discussed above and in the prior orders. If Premiere is unable to do so, the court will have to allow Plaintiff leave to conduct discovery into Premiere's business structure, as of the date this suit was filed, to ferret out the necessary facts.

If defendant Premiere shares Plaintiff's (alleged) Texas citizenship at any level, the case will have to be dismissed for lack of subject matter jurisdiction. As warned in the original order, such a dismissal may mean that filing this suit did not interrupt prescription. Plaintiff alleges that the accident at issue happened on or about February 28, 2021, and the one-year anniversary is near.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of February, 2022.

Mark L. Hornsby
U.S. Magistrate Judge